UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joshua G. Stegemann

    v.                                  Case No. 17-cv-397-SM

Warden, FCI-Berlin

## REPORT AND RECOMMENDATION

Joshua Stegemann, a federal prisoner housed at the Federal Correctional Institution in Berlin, New Hampshire, has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Doc. No. 1.  The petition challenges a decision of the Bureau of Prisons ("BOP") to rescind twenty-seven days of Stegemann's good-time credits, pursuant to a January 20, 2017, disciplinary offense.  Respondent has moved to dismiss, or, in the alternative, for summary judgment.  See Doc. No. 15).  Respondent's motion has been referred to the magistrate judge for a report and recommendation.  See LR 72.1.  For the reasons that follow, it is recommended that the respondent's motion should be granted.

## Legal Standard

At the summary-judgment[1] stage, the court "view[s] the facts in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in the nonmovant's favor . .

---

[1] Stegemann has included affidavits with his objection to the respondent's motion. Accordingly, the court treats the motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

. .." Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 312 (1st Cir. 2016) (citation and quotation marks omitted).  The court may only grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of "identify[ing] for the district court the portions of the record that show the absence of any genuine issue of material fact."  Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016).  If the movant does so, "the burden shifts to the nonmoving party, who must, with respect to each issue on which [s]he would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [her] favor."  Id. (citation omitted).  As petitioner is proceeding pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

In January 2017, Stegemann was charged with a prison disciplinary violation for engaging in or encouraging a group demonstration.  The charge was related to a disturbance that took place after Stegemann returned from a recreation period and became upset at the condition of his cell, after prison officials conducted a shakedown in his – and the other prisoners' – absence.  After a hearing, a disciplinary hearing

2

officer ("DHO") found that Stegemann violated the group demonstration rule and penalized him by, <u>inter alia</u>, stripping him of twenty-seven days of good-time credit. After exhausting his administrative appeals, Stegemann petitioned this court for expungement of the disciplinary report and restoration of the rescinded good-time credit, arguing that the disciplinary finding was not supported by the evidence presented at the hearing.

## Discussion

A prison DHO's decision that results in the loss of good-time credit must be supported by "some evidence in the record." <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Id.</u> at 456. The ultimate question for a reviewing court "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455. This evidentiary standard may be met by indirect evidence. <u>Ned v. Tatum</u>, No. 15-cv-178-LM, 2017 WL 3822736, at *6, 2017 U.S. Dist. Lexis 139885 (D.N.H. May 16, 2017), R & R approved by 2017 WL 3772656, 2017 U.S. Dis. Lexis 139426 (D.N.H. Aug. 29, 2017) (citation omitted)). The standard may also be met by "evidence . . . [that] might be characterized as meager."

3

Id. (quoting Hill, 472 U.S. at 457). "All that is necessary is that 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" Ned, 2017 WL 3822736, at *6, 2017 U.S. Dist. Lexis 139885 (quoting Hill, 472 U.S. at 457).

The evidence described in the DHO's report, a document Stegemann attached to his petition, is sufficient to support the DHO's conclusion that Stegemann committed the prohibited act of engaging in or encouraging a group demonstration. The hearing officer referred specifically to a written report from a prison staff member which contained the following description of events:

> On January 20, 2017 at approximately 11:35 am, I was monitoring unit A3 as they returned from recreation. Unit A3 inmates returned to their cells and an unknown inmate started yelling ["G]et me a BP-8; I want a BP-8.["] Due to this inmate's actions other inmates began yelling for BP-8's also known as an informal resolution. The inmate now known as [Stegemann] slammed his cell door and proceeded down the stairs towards the officer's station. A large grouping of inmates proceeded behind him in an aggressive nature and stopped near the counselor's office. Inmate Stegemann led the inmates in shouting for BP-8's and inciting them to refuse staff orders to return to their cells. Inmates were given direct orders to return to their cells and the grouping of approximately 50 - 60 inmates stated "fuck that give me a BP-8 and then I'll return to my cell." Due to inmate Stegemann inciting the other inmates a staff assistance call was made and the unit was locked in their cells for safety of staff and the institution.

Doc. No. 1, 7. Stegemann does not contest this factual narrative, but focuses instead on his lack of intent to incite.

4

This argument ignores that "engaging in" a group demonstration is also prohibited. Moreover, as the hearing officer noted after viewing a video recording of the incident, "You are displayed as stating something to the staff members in a very animated manor [sic]. Due to your actions, other inmates moved up to the staff members and it was apparent they were engaging in the same activity and or discussion joining you." (Id. at 8).

That evidence is sufficient to satisfy the "some evidence" standard, in that there was some evidence before the DHO supporting the DHO's decision. Because Stegemann has failed to provide evidence to counter the existence of "some evidence" supporting that decision, he has failed to meet his burden on summary judgment to demonstrate the presence of a genuine dispute of material fact. The district judge should, therefore, grant respondent's motion for summary judgment (Doc. No. 15) and direct that judgment should be entered in respondent's favor.

## Conclusion

For the reasons stated herein, the district judge should grant respondent's motion to dismiss or for summary judgment (Doc. No. 15), close this case, and direct entry of judgment in this matter. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day objection period

may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                        _____
                                        Andrea K. Johnstone
                                        United States Magistrate Judge

January 23, 2019

cc:   Joshua G. Stegemann, pro se
      Seth R. Aframe, AUSA

6